IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JILL M. JAZDZEWSKI,

                      Petitioner,

  v.                                                  OPINION and ORDER

JENNIFER McDERMOTT,[1]                           21-cv-659-jdp

                      Respondent.

Pro se petitioner Jill Jazdzewski, an inmate at Taycheedah Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2016 conviction in state court for homicide by intoxicated use of a vehicle. Dkt. 1. Under Rule 4 of the Rules Governing Section 2254 Cases, the next step is for the court to examine the petition and supporting exhibits and dismiss the petition if it plainly appears that Jazdzewski is not entitled to relief. In her petition, Jazdzewski does not clearly explain why she believes she is entitled to relief, so I will allow her to file an amended petition.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, Jazdzewski's habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The purpose of Rule 2(c) "is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243).

---

[1] Jazdzewski did not name a respondent on her petition. Dkt. 1, at 1. The proper respondent in a habeas action is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). I have updated the caption to reflect that Jazdzewski's custodian is the warden of Taycheedah Correctional Institution, Jennifer McDermott.

Jazdzewski's petition doesn't meet rule 2(c)'s requirements. Jazdzewski submitted her petition using the court's standardized form, but she didn't fill in the section about her grounds for relief. *See* Dkt. 1, at 5–12. In another section of her petition, Jazdzewski says that she sought postconviction relief in state court on the grounds that she was not given an impartial judge during sentencing. But she does not say whether she seeks relief in this court for that reason. If Jazdzewski chooses to file an amended petition, she should clearly identify her grounds for relief, and she should provide specific facts to support her claim. Jazdzewski should read the petition form closely and ensure that she has filled in all of the sections that are relevant to her situation.

Jazdzewski also asks the court for the assistance of a public defender. Dkt. 2. A habeas petition challenging a sentence is not part of the original criminal proceeding; it is an independent civil suit. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). A petitioner does not have a constitutional right to counsel in a civil suit. *Id*. But the court may appoint counsel for a petitioner seeking habeas relief if the appointment of counsel would serve the interests of justice and the petitioner is financially eligible. 18 U.S.C. § 3006A(a)(2).

When deciding to appoint counsel in habeas cases, a district court considers three factors: (1) whether the petitioner "could obtain justice without an attorney" given the complexity of the case and the petitioner's ability; (2) whether the petitioner "could not obtain a lawyer on [her] own"; and (3) whether the petitioner would have "a reasonable chance of winning with a lawyer at [her] side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (internal quotation marks omitted). Because Jazdzewski's petition does not explain her grounds for relief, I cannot determine whether the case is too complex for her to litigate or whether she

has a reasonable chance of winning with the help of an attorney. So I will deny Jazdzewski's request without prejudice to her renewing her motion after she submits her amended petition.

ORDER

IT IS ORDERED that:

1. Petitioner Jill M. Jazdzewski may have until May 25, 2022, to submit an amended petition that complies with Rule 2(c) of the Rules Governing Section 2254 Cases. If Jazdzewski fails to submit an amended petition by that deadline, I will dismiss her petition without prejudice.

2. Petitioner's request for a public defender, Dkt. 2, is DENIED without prejudice.

Entered May 4, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge