IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL M. JAZDZEWSKI,

                       Petitioner,

v.                                                   OPINION and ORDER

JENNIFER McDERMOTT,                          21-cv-659-jdp

                       Respondent.

---

Pro se petitioner Jill Jazdzewski, an inmate at Taycheedah Correctional Institution, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2016 conviction in state court for homicide by intoxicated use of a motor vehicle. Dkt. 6. Jazdzewski contends that her sentence violates her constitutional right to due process because the sentencing judge was biased against her. Specifically, she argues that the sentencing judge gave her a longer sentence than the state recommended because the judge had previously lost a loved one in a fatal motor vehicle accident. The trial court denied Jazdzewski's postconviction motion challenging her sentence, and the Wisconsin Court of Appeals affirmed, concluding that the objective circumstances of Jazdzewski's sentencing did not pose a constitutionally unacceptable risk of judicial bias.

The petition is fully briefed and ready for a decision.[1] The Wisconsin Court of Appeals' decision is well within the bounds of U.S. Supreme Court precedent related to constitutional claims of judicial bias, so Jazdzewski is not entitled to habeas relief. I will deny her petition.

---

[1] Jazdzewski did not file a reply brief despite being given an opportunity to do so.

BACKGROUND

I draw the following facts from the Wisconsin Court of Appeals' opinion, *State v. Jazdzewski*, 2020 WI App 19, 391 Wis. 2d 648, 943, N.W.2d 347 (Table), 2020 WL 1056901 (Wis. App., 2020), on the docket at Dkt. 13-5, as well as the oral ruling on Jazdzewski's postconviction motion, Dkt. 13-3, and the transcript of Jazdzewski's sentencing hearing, Dkt. 13-1.

Jazdzewski pleaded no contest to one count of homicide by intoxicated use of a motor vehicle. The complaint alleged that Jazdzewski, while high on heroin, drove her car across the center line and struck an oncoming vehicle, killing the other driver.

Judge David Wambach presided over Jazdzewski's sentencing hearing. The state recommended that Jazdzewski be sentenced to six years in confinement and eight years of extended supervision, consistent with Jazdzewski's plea agreement. Four members of the victim's family spoke at the hearing about the victim's good character and the devastating effect of her death. After hearing statements from Jazdzewski and her attorney, Judge Wambach engaged in a thorough discussion of the factors relevant to his sentencing decision, including Jazdzewski's character, the need to protect the public, and the gravity of Jazdzewski's offense. (His comments span 35 pages of the hearing transcript. *See* Dkt. 13-1, at 28–62.).

Judge Wambach was emotional during the hearing. He stated that a member of the victim's family appeared to be suffering from "survivor's guilt" that she would live with for the rest of her life. Dkt. 13-1, at 53:4–17. Wambach also encouraged the victim's family to consider grief counseling because "[i]t worked wonders for me." *Id*. at 58:6–9. Near the end of his remarks, Judge Wambach stated that he would consider "the concept of retribution" in deciding a sentence, which was "something that the family [of the victim] has embraced."

2

*Id.* at 61:21–25. Judge Wambach sentenced Jazdzewski to 15 years of initial confinement, the maximum term, to be followed by four years of extended supervision,

Jazdzewski filed a postconviction motion in the circuit court asking to be resentenced. Jazdzewski initially argued that Judge Wambach was objectively and subjectively biased against her, but she withdrew her subjective bias claim before an evidentiary hearing on the motion. The hearing was held before a different judge, and Judge Wambach—who had since retired from the bench—appeared as a witness. Jazdzewski's postconviction motion was denied following the hearing.

Jazdzewski appealed her sentence and the denial of her postconviction motion to the state court of appeals, contending that the circumstances surrounding her sentencing gave the objective appearance of judicial bias, for four reasons: (1) Judge Wambach had lost a loved one in a fatal accident; (2) he was emotional during the hearing; (3) he implied that he had "survivor's guilt"; and (4) he imposed a sentence above what the state sought.

The court of appeals affirmed. The key question was "whether there was an appearance of bias that reveals a great risk of actual bias." Dkt. 13-5, ¶ 5 (citing *State v. Herrmann*, 2015 WI 84, ¶ 46, 364 Wis. 2d 336, 867 N.W.2d 772). The court of appeals concluded that none of the facts Jazdzewski identified gave the appearance of bias.

As for Judge Wambach's loss, Judge Wambach testified at the evidentiary hearing that he had been in a fatal motorcycle accident that killed his life partner, who was riding as his passenger.[2] Jazdzewski argued that this would lead him to identify with the family of the victim and place greater emphasis on the family's desire for retribution. Jazdzewski pointed to the fact

---

[2] Nothing in the record suggests that Judge Wambach's motorcycle accident involved an intoxicated driver.

3

that that Judge Wambach had recommended grief counseling based on his own experience. The court of appeals "d[id] not agree that giving advice of this sort to a victim's family shows excessive identification with the family." *Id.*, ¶ 9.

As for Judge Wambach's display of emotion, Jazdzewski's attorney testified at the evidentiary hearing that Wambach cried during sentencing and had to use a tissue. Judge Wambach didn't recall crying, but he acknowledged that that he was "choked up" at a few points and showed emotion throughout. The court of appeals concluded that, "regardless of the precise extent of [Judge Wambach's] emotional response," he did not give the appearance that he was unable to impartially weigh the sentencing factors. *Id.*, ¶ 15. The court reasoned that homicides are emotionally charged and it was natural that a judge would be emotional during sentencing.

As for Jazdzewski's argument that Judge Wambach suffered from "survivor's guilt," Jazdzewski pointed to his statement that one of the victim's family members was experiencing feelings of survivor's guilt. The court of appeals determined that the judge was describing the family member's feelings, not his own, and it was appropriate for him to consider the family's experiences in determining a fair sentence. *Id.*, ¶ 11. Jazdzewski also cited an academic article to show that people who experience traumatic events often experience survivor's guilt. But the court of appeals concluded that the article was not evidence that Judge Wambach did, in fact, experience survivor's guilt or that survivor's guilt affected Jazdzewski's sentence. *Id,* ¶ 12.

As for the length of the sentence, Judge Wambach gave Jazdzewski the maximum term of fifteen years of initial confinement, above the six years sought by the state. But the court of appeals noted that Jazdzewski cited no cases where "these features of a sentence have been held to show, either alone or with other facts, an appearance of bias." *Id,* ¶ 17.

Because Jazdzewski did not argue that the sentencing court erroneously exercised its discretion in any other ways, such as by failing to consider required factors, the court of appeals affirmed her sentence. Jazdzewski filed a petition for review in the Wisconsin Supreme Court, and the Wisconsin Supreme Court denied review. Jazdzewski timely filed a habeas petition with this court.

ANALYSIS

A federal court may grant habeas relief only if a state court adjudication on the merits (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Federal courts look to the last reasoned state-court decision on the merits of the case. *Lentz v. Kennedy*, 967 F.3d 675, 688 (7th Cir. 2020) (citing *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018)). Here, the last reasoned state-court decision is the state court of appeals decision affirming the judgment of the trial court.

I do not take Jazdzewski to challenge the state court's factual findings, so I will consider whether the state court of appeals' decision was contrary to, or involved an unreasonable application of, United States Supreme Court precedent. The standard for legal errors under § 2254(d)(1) is intentionally difficult to satisfy. *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). The issue is not whether the court agrees with the state court decision or even whether the state court decision was correct. *Id*. Rather, the issue is whether the state court's decision was unreasonably wrong under an objective standard. *Id*. Put another way, the decision must be "so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

A defendant's right to due process includes the right to an impartial judge. *Williams v. Pennsylvania*, 579 U.S. 1, 7 (2016). Evidence that a judge was actually biased is not necessary to establish a due process violation. *Id.* Constitutional claims of judicial bias have an objective component: the reviewing court must determine whether the judge's conflict of interest created a constitutionally unacceptable likelihood of bias for an average person sitting as judge. *Gacho v. Wills*, 986 F.3d 1067, 1068 (7th Cir. 2021) (citing *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 878–86 (2009). The state court of appeals applied Wisconsin Supreme Court precedent to Jazdzewski's case. But the inquiry is the same under both state and federal law: whether the circumstances pose such a risk of actual bias that the defendant cannot be guaranteed a fair hearing. *Caperton*, 556 U.S. at 883–84; *see Herrmann*, 2015 WI 84, ¶ 67 (citing *Caperton*).

It was reasonable for the court of appeals to conclude that the circumstances of Jazdzewski's case did not pose an unacceptable risk of bias. Because judicial codes of conduct generally "provide more protection than due process requires," *Caperton,* 556 U.S. at 890, a judge's failure to recuse himself will implicate the constitution only in "extraordinary situation[s]," *id.* at 887. Cases where the Supreme Court has found a constitutionally impermissible risk of bias "deal[] with extreme facts." *Id.* For example, the Court has found that an impermissible risk of bias existed when a litigant donated $3 million to a judge's election campaign in anticipation of an important appeal, *see id.;* when an appellate judge had been the district attorney who approved the pursuit of the death penalty against the defendant appealing that sentence, *Williams*, 579 U.S. at 8; and when a judge presided over a criminal

6

contempt case that resulted from the defendant's "steady stream of expletives and *ad hominem* attacks at the judge." *Caperton*, 556 U.S. at 892 (Roberts, C.J., dissenting) (citing *Mayberry v. Pennsylvania*, 400 U.S. 455 (1971)).

The facts of Jazdzewski's case were not extreme. Judge Wambach had no monetary or professional interest in sentencing Jazdzewski, and he hadn't been involved in any prior aspect of her case. I find no authority holding that a defendant's due process rights are violated because the sentencing judge had lost a loved one under somewhat similar circumstances to the victim in the defendant's case.

In her petition, Jazdzewski contends that Judge Wambach was biased against her for some of the same reasons she identified at the state court of appeals: (1) he was emotional in court; (2) he identified with the victim's family; and (3) he imposed a longer sentence than the prosecutor recommended. But Jazdzewski has not shown that the court of appeals' assessment of these issues was unreasonable. Judge Wambach was emotional during the hearing, and his experiences almost certainly shaped his perspective on the human cost of Jazdzewski's crime. But "[i]t is neither possible nor desirable for a person to whom the State entrusts an important judgment to decide in a vacuum, as if he had no experiences." *Barclay v. Florida*, 463 U.S. 939, 950 (1983). As the state court of appeals observed, homicides are emotionally charged cases, and it is natural that a judge may have an emotional response during a sentencing. Regardless whether Judge Wambach briefly cried or was merely "choked up," his display of emotion does not suggest that he was unable to fairly weigh the sentencing factors.

For the same reasons, Judge Wambach's statements to the victim's family about his positive experiences in grief counseling do not show that he unfairly identified with them. It is appropriate for a judge to display empathy to a victim's family. Judge Wambach's decision to

give advice about something that had helped him in a difficult time does not suggest that he placed undue weight on the family's desire for retribution.

Jazdzewski's brief in support of her petition focuses only on the fact that she received a longer sentence than the six years she agreed to in her plea deal, stating that "I don't understand having a plea deal if it wasn't going to be honored." Dkt. 14. But in Wisconsin, plea agreements are between the defendant and the prosecutor, and judges are not required to follow the prosecutor's recommended sentence. *State v. Johnson*, 2012 WI App 21, ¶ 9, 339 Wis. 2d 421, 428, 811 N.W.2d 441, 444. A decision to impose a longer sentence than what the defendant and the prosecution agreed to recommend, without more, does not show that the judge was biased. I do not take Jazdzewski to raise a freestanding habeas claim that her rights were violated because she agreed to a shorter sentence. But I note that a claim based on that argument would fail as procedurally defaulted because she did not raise it at the court of appeals.

Jazdzewski has not shown that the Wisconsin Court of Appeals' decision was objectively wrong, so she is not entitled to habeas relief. The state court of appeals applied the proper legal standard, addressed Jazdzewski's arguments, and provided justification for its conclusion. *Cf. Gacho*, 986 F.3d at 1067 (granting habeas relief where state court "ignored the objective test" for judicial bias). The state court's conclusion that circumstances of Jazdzewski's sentencing did not pose an unacceptable risk of bias is within the bounds of relevant U.S. Supreme Court precedent, so I must deny Jazdzewski's petition.

CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, Jazdzewski must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). No reasonable jurist could conclude that the Wisconsin Court of Appeals' decision is "so lacking in justification" that Jazdzewski is entitled to habeas relief. *Richter*, 562 U.S. at 103. A certificate of appealability will not issue.

ORDER

IT IS ORDERED that petitioner Jill Jazdzewski's amended petition for a writ of habeas corpus, Dkt. 6, is DENIED, and a certificate of appealability is DENIED. The clerk of court is directed to enter judgment accordingly and close this case.

Entered June 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge